14-1063-cr
United States v. Johnson

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2014
No. 14-1063-cr

UNITED STATES OF AMERICA,
*Appellee,*

*v.*

JOHN JOHNSON, AKA DUKE, AKA DUKE HARDCORE, AKA JOHNNIE JOHNSON,
*Defendant-Appellant.*

Appeal from the United States District Court
for the District of Connecticut.
No. 3:05-cr-179-1 — Janet Bond Arterton, *Judge.*

ARGUED: MARCH 17, 2015
DECIDED: MAY 20, 2015

Before: STRAUB, SACK, and DRONEY, *Circuit Judges.*

Appeal from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*), imposing a thirty-six-month term of incarceration after Defendant violated a condition of his supervised release. Defendant argues that the district court erred in determining the maximum term of incarceration for his supervised release violation by reference to the felony classification of his underlying offense at the time of its commission. He argues that, because his offense conduct would have been classified differently after the enactment of the Fair Sentencing Act, the district court should have determined the maximum term of incarceration by reference to the classification at the time of his supervised release revocation proceedings. We **AFFIRM**.

CHARLES F. WILLSON, Nevins Law Group LLC, East Hartford, CT, *for Defendant-Appellant*.

AVI M. PERRY, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *of counsel*; David E. Novick, Assistant United States Attorney, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT, *for Appellee*.

DRONEY, *Circuit Judge*:

Defendant-Appellant John Johnson appeals from a judgment of the United States District Court for the District of Connecticut (Arterton, *J.*), imposing a thirty-six-month term of incarceration after Johnson violated a condition of his supervised release. On appeal, Johnson argues that the district court erred in determining the maximum term of incarceration by reference to the classification of his original offense at the time of its commission. Johnson argues that, because the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"), had since amended the statute under which he had been convicted, the district court should have determined the maximum term of incarceration by reference to the post-FSA classification of his offense conduct.[1]

Johnson's challenge is all but foreclosed by our recent decision in *United States v. Ortiz*, 779 F.3d 176 (2d Cir. 2015) (per curiam), in

---

[1] The effective date of the FSA was August 3, 2010.

which we held that the penalties applicable when a defendant violates the conditions of supervised release are "determined by reference to the law in effect at the time of the defendant's underlying offense." *Id.* at 177-78. In light of *Ortiz*, the sole issue left for us to resolve is whether the Supreme Court's decision in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), compels a different outcome when the underlying sentence was imposed pre-FSA but revocation proceedings are held subsequent to the FSA's effective date. We hold that it does not.

Therefore, for the reasons set forth below, we **AFFIRM** the judgment of the district court.

## BACKGROUND

In 2006, Johnson pled guilty to a single-count indictment charging him with possession with intent to distribute five or more grams of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The offense carried a forty-year

4

maximum term of imprisonment at the time and was thus a Class B felony. *See* 18 U.S.C. § 3559(a)(2). The district court sentenced Johnson to 156 months' imprisonment and four years of supervised release. On appeal, we vacated and remanded for resentencing in light of the Supreme Court's intervening decisions in *Kimbrough v. United States*, 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007). *See United States v. Johnson*, 259 F. App'x 360 (2d Cir. 2008) (summary order). On remand, the district court sentenced Johnson on September 4, 2008, to sixty-one months' imprisonment and five years of supervised release.[2] His supervised release term began in August 2009.

In February 2014, while still on supervised release, Johnson was convicted of first-degree assault in Connecticut state court and received an eighteen-year sentence. *See* Conn. Gen. Stat. § 53a-59. The district court determined that the state assault conviction

---

[2] The five-year term of supervised release is the statutory maximum for a Class B felony. *See* 18 U.S.C. § 3583(b)(1).

5

violated the condition of Johnson's supervised release that he "shall not commit another federal, state or local offense." Judgment in a Criminal Case After Remand at 3, *United States v. Johnson*, No. 3:05-cr-179 (D. Conn. Sept. 9, 2008), ECF No. 79. The district court then revoked Johnson's supervised release and sentenced him to the three-year statutory maximum term of imprisonment applicable in revocation proceedings when the underlying offense is a Class B felony. *See* 18 U.S.C. § 3583(e)(3).[3] The district court entered judgment on April 7, 2014. This appeal followed.

## DISCUSSION

### I. Standard of Review

"The standard of review on the appeal of a sentence for violation of supervised release is . . . the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). In making

---

[3] The sentence was to be served half concurrent with, and half consecutive to, the state court sentence.

this determination, issues of law are reviewed *de novo*. *See United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir. 2005).

**II.     Statutory Maximum Penalties and the FSA**

Under 18 U.S.C. § 3559(a), an offense that is not otherwise assigned a specific letter classification by statute is classified as a Class B felony if it carries a maximum prison term of twenty-five or more years, and as a Class C felony if the maximum term is ten years or more (but fewer than twenty-five). 18 U.S.C. § 3559(a)(2)-(3).[4] Among the consequences of an offense's grade classification is the maximum term of imprisonment that may be imposed when a defendant violates the conditions of his supervised release: three years for Class B felonies, and two years for Class C felonies. *See id.* § 3583(e)(3).

---

[4]     If a statute defining a substantive offense designates a letter classification for the offense, then 18 U.S.C. § 3581 prescribes the applicable maximum term of imprisonment. *See* 18 U.S.C. § 3581(b); *see also United States v. Gonzalez*, 922 F.2d 1044, 1050 (2d Cir. 1991) (explaining the distinction between §§ 3559 and 3581). The statute under which Johnson was convicted, 21 U.S.C. § 841, does not assign a classification. Thus, 18 U.S.C. § 3581(b) is inapplicable, and the offense classification is determined pursuant to 18 U.S.C. § 3559(a).

Prior to the enactment of the FSA, 21 U.S.C. § 841(b)(1)(B)(iii) provided that a violation of § 841(a) carried a forty-year statutory maximum—making it a Class B felony—if it involved five or more grams of a substance containing cocaine base. The FSA amended § 841 so that the same offense now requires at least twenty-eight grams to constitute a violation of that subsection and thus to trigger the forty-year maximum term of imprisonment. *See* FSA § 2(a)(2), 124 Stat. at 2372 (effecting the change from five to twenty-eight grams). An offense involving a lesser amount now carries a maximum of twenty years' imprisonment and thus constitutes a Class C felony. *See* 21 U.S.C. § 841(b)(1)(C). There is no dispute that, had Johnson committed his underlying drug offense following the enactment of the FSA, he could only have been convicted of a Class C felony based on the quantity of cocaine involved in the offense.[5]

---

[5] Johnson's offense involved six grams of cocaine base.

### III. Application of the FSA to Revocation Proceedings

Johnson argues that, in light of the enactment of the FSA, the district court should have regarded his underlying conviction as a violation of 21 U.S.C. § 841(b)(1)(C) and applied the two-year statutory maximum that applies in revocation proceedings for a Class C felony.

As noted above, we recently held that 18 U.S.C. § 3583(e)(3), which sets forth the penalties for supervised release violations, requires that the district court apply those penalties based on the law as it existed at the time of the underlying offense and not at the time of the supervised release violation. *United States v. Ortiz*, 779 F.3d 176, 182 (2d Cir. 2015) (per curiam).[6] *Ortiz*, however, dealt with a development in the law affecting whether a defendant can be

---

[6] 18 U.S.C. § 3583(e)(3) provides that, if the district court finds that a defendant violated the terms of his supervised release, the district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release," up to the applicable maximum term of incarceration.

9

sentenced as an armed career criminal and thus did not consider whether the FSA alters this general backward-looking approach in cases where the FSA has changed the drug quantities that trigger the statutory penalties of 21 U.S.C. § 841(b). We now hold that it does not.

In *Dorsey v. United States*, 132 S. Ct. 2321 (2012), the Supreme Court held that the FSA's revised penalties apply to defendants who committed an offense prior to the FSA's effective date but who were not sentenced until after the FSA took effect. *Id.* at 2326. Prior to *Dorsey*, our Court had held that the FSA does not apply retroactively to defendants who were both convicted and sentenced prior to the FSA's enactment. *See United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010) (per curiam). *Dorsey* did not disturb *Diaz*'s holding. *See Dorsey*, 132 S. Ct. at 2335 (acknowledging that the Court's holding would create a disparity "between those pre-Act offenders already

sentenced and those not yet sentenced as of [the FSA's effective date]").

Thus, Johnson's appeal can succeed only if *Dorsey*'s narrow holding applies to him. The question is whether Johnson can properly be deemed a pre-FSA offender who was sentenced subsequent to the FSA's enactment, although here not for the underlying offense but for a supervised release violation. He cannot. Both the Supreme Court and our Court have made clear that a supervised release revocation sanction is not an additional punishment for the underlying conviction, but rather part of the original sentence. *See Johnson v. United States*, 529 U.S. 694, 700-01 (2000) (noting that double jeopardy is not implicated in revocation proceedings, even if the defendant is separately prosecuted for the conduct triggering the revocation, because "postrevocation sanctions [are] part of the penalty for the initial offense"); *United States v. Pettus*, 303 F.3d 480, 487 (2d Cir. 2002) (noting that, although

11

the initial period of incarceration and the supervised release term are authorized by separate statutes, they constitute a "single sentence for a single offense" such that "the revocation of supervised release is not properly considered a new punishment"); *United States v. Amer*, 110 F.3d 873, 884 (2d Cir. 1997) ("[T]he entire sentence, including the period of supervised release, is the punishment for the original crime, and it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of his release." (citation and internal quotation marks omitted)).

Johnson's underlying sentence consisted of a sixty-one-month prison term and a choice between (1) complying with the conditions of his supervised release for five years and (2) facing up to an additional three years in prison for violating those conditions. As *Amer* explains, the revocation proceedings merely execute the previously imposed sentence. *See Amer*, 110 F.3d at 884. *Dorsey* is

12

therefore inapplicable; because the underlying sentence included a Class B felony revocation penalty, Johnson continued to be subject to that penalty until the completion of his entire sentence, including the period of supervised release.

The Third Circuit addressed this same issue—and arrived at the same result—in *United States v. Turlington*, 696 F.3d 425 (3d Cir. 2012). There, a defendant sought to have his underlying Class A felony treated as a Class B felony for purposes of his revocation proceedings because of the drug quantity changes in the FSA. *See id.* at 427. In rejecting the defendant's argument, the court first concluded that § 3583(e)(3) is backward-looking. *Id.* at 427-28. It then determined that *Dorsey* did not affect the outcome because the defendant had been convicted and sentenced prior to the FSA's enactment. *Id.* at 428 ("The fact that [the defendant's] supervised release was revoked after passage of the FSA is of no moment."). *Ortiz* endorsed *Turlington*'s approach to the § 3583(e)(3) question.

*See Ortiz*, 779 F.3d at 181. With our holding here, we endorse the Third Circuit's view of *Dorsey*.

Johnson's five-year term of supervised release was imposed based on his conviction for a Class B felony, as were the potential penalties for violations of the conditions of supervised release. He was still subject to those penalties, notwithstanding the changes effected by the FSA. Nothing in the FSA or in *Dorsey*'s interpretation of it suggests that the penalties changed for purposes of addressing non-compliance with the conditions of supervised release.

Thus, the FSA had no effect on the supervised release portion of Johnson's pre-FSA sentence.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

14