United States v. Bolling

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of March, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
                    REENA RAGGI,
                    GERARD E. LYNCH,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
                    <u>Appellee</u>,

          v.                                                                18-296

VERNON R. BROCKINGTON, AKA
BLACK CAESAR, AKA V, AKA SEALED
DEFENDANT #2, SHARON L. DAYTON,

1

AKA RONI, AKA SEALED DEFENDANT #3, CRYSTAL R. DEASE, AKA SEALED DEFENDANT #4, RENDELL DESHIELD, AKA SEALED DEFENDANT #5, DERRICK DUKES, AKA DOUBLE, AKA SEALED DEFENDANT #6, MUHAMMAD HAYNES, AKA THEODORE HAYES, AKA K-TONE, AKA TWIN, SEALED DEFENDANT #7, STACY B. HILL, AKA BAGZ, AKA BITTY, AKA SEALED DEFENDANT #8, SHANNON P. MUNSON, AKA SEALED DEFENDANT #9, SABRINA A. SHAMBLIN, AKA SEALED DEFENDANT #10, MARLAND O. TULLOCH, AKA SEALED DEFENDANT #11, CORNELL M. VEALE, JR., AKA PANAMA, AKA SEALED DEFENDANT #12, DIWANI BOYKIN, AKA WANI, PATRICIA D. CRANE, JORDAN M. KRONE, TERESA A. MINKIN, AKA TERESA LOFTUS, ETRICE J. RODNEY, AKA MR. GRADY, AKA BLOODY GRADY,

**Defendants**,

VINCENT BOLLING, AKA BUNGEE, AKA Q, AKA RAH,

**Defendant-Appellant**.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


FOR APPELLEE:                    Paul D. Silver, Miroslav Lovric, Assistant United States Attorneys, <u>for</u> Grant C. Jaquith, United States

2

Attorney for the Northern District of New York, Albany, NY (on submission).

FOR APPELLANT: James P. Egan, Assistant Federal Public Defender, <u>for</u> Lisa A. Peebles, Federal Public Defender, Syracuse, NY (on submission).

Appeal from an order of the United States District Court for the Northern District of New York (McAvoy, <u>I.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Vincent Bolling appeals from the judgment of the United States District Court for the Northern District of New York (McAvoy, <u>I.</u>) sentencing him principally to 18 months' imprisonment for his admitted violations of the conditions of his supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In 2005, Bolling pleaded guilty before Judge McAvoy to a narcotics conspiracy in violation of 21 U.S.C. § 846 and was sentenced principally to 135 months' incarceration and five years of supervised release. That sentence reflected a downward departure under United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 4A1.3, because Bolling's criminal history category substantially overrepresented the seriousness of his criminal history and the likelihood that he would commit additional crimes.

In 2008, Bolling's sentence was reduced to 120 months (the statutory minimum) on the ground that the United States Sentencing Commission retroactively amended the Guidelines ranges applicable to offenses involving cocaine base. 18 U.S.C. § 3582(c)(2).

Bolling's five-year term of supervised release began in July 2014.   In 2017 and 2018, the probation office filed petitions in the district court alleging that Bolling violated the conditions of his supervised release.   A warrant for Bolling's arrest was issued in March 2017, but he was a fugitive until his December 2017 arrest by local police on two state misdemeanor charges.   In a January 17, 2018 hearing, Bolling admitted that he had violated the conditions of his supervised release by testing positive for marijuana, failing to notify the probation office of a change in his address, and committing two state offenses.

At sentencing for Bolling's violations, the district court observed that the applicable Guidelines range was five to eleven months' imprisonment, but determined that an above-Guidelines sentence was appropriate because of Bolling's breach of trust and failure to accept responsibility for the violations. The court also took into consideration the downward departure granted at Bolling's original sentencing, concluding that his violations demonstrated a likelihood that Bolling will commit additional crimes.   Accordingly, the court sentenced Bolling to 18 months' imprisonment and two years of supervised release.

On appeal, Bolling argues that the district court's imposition of an above-Guidelines sentence was procedurally and substantively unreasonable.

1.      "Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable."   United States v. Brooks, 889 F.3d 95, 100 (2d Cir. 2018) (internal quotation marks omitted).   "A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence."   United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall v. United States, 552 U.S. 38, 51 (2007)).   Our review for procedural reasonableness is akin to a "deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (in banc) (quoting Gall, 552 U.S. at 41).   However, "[a] sentencing court's legal application of the

Guidelines is reviewed de novo." United States v. Desnoyers, 708 F.3d 378, 385 (2d Cir. 2013) (internal quotation marks omitted).

Bolling argues that the district court committed procedural error by imposing an above-Guidelines sentence in part to account for the § 4A1.3 downward departure that he was granted at his original sentencing. As he concedes, the Guidelines specifically provide that a departure from the applicable sentencing range may be warranted when imposing a sentence after the revocation of supervised release if the original sentence reflected a downward departure pursuant to Guidelines § 4A1.3. U.S.S.G. Manual § 7B1.4 cmt. n.2 (U.S. Sentencing Comm'n 2018). He nevertheless argues that because of retroactive amendments to the Guidelines, the § 4A1.3 downward departure should not be considered a factor because he would have received a reduced sentence anyway, equal to the statutory minimum of 120 months. Bolling argues it was therefore procedural error for the district court to impose an above-Guidelines sentence in part to offset a downward departure that was, in hindsight, irrelevant.

However, "[b]oth the Supreme Court and our Court have made clear that a supervised release revocation sanction is not an additional punishment for the underlying conviction, but rather part of the original sentence." United States v. Johnson, 786 F.3d 241, 245 (2d Cir. 2015), as amended (June 3, 2015). Accordingly, a "post-revocation sentence is governed by the law prevailing at the time of the defendant's original offense." United States v. Ortiz, 779 F.3d 176, 181 (2d Cir. 2015) (internal quotation marks omitted). Later amendments to the Guidelines notwithstanding, the district court's downward departure at Bolling's original sentencing had the significant effect of reducing the sentencing range from a range of 168 to 210 months to a range of 135 to 168 months. In view of that departure (which was premised in part on the court's view as to the unlikelihood that Bolling would commit additional crimes) and Bolling's subsequent violations of the conditions of supervised release, we see no procedural error in the district court's determination that an above-Guidelines post-revocation sentence was appropriate. See U.S.S.G. Manual § 7B1.4 cmt. n.2.

5

**2.** "Substantive reasonableness is also reviewed for abuse of discretion." Desnoyers, 708 F.3d at 385. "In examining the substantive reasonableness of a sentence, we review the length of the sentence imposed to determine whether it cannot be located within the range of permissible decisions." United States v. Matta, 777 F.3d 116, 124 (2d Cir. 2015) (internal quotation marks omitted). We will "set aside a district court's substantive determination only in exceptional cases." Cavera, 550 F.3d at 189 (emphasis omitted).

Bolling challenges the above-Guidelines sentence as substantively unreasonable on the grounds that [i] amendments to the Guidelines demonstrate that his original sentence was substantially "inflated," so an above-Guidelines sentence is not needed to offset the downward departure at the original sentencing; [ii] pursuant to Guidelines § 7B1.4, the applicable Guidelines range for his post-revocation sentence did not reflect the downward departure he received at his original sentencing; and [iii] his criminal violations while on supervised release were insufficiently serious to justify concern that he will commit additional crimes.

Bolling's arguments are unavailing.

[i] As discussed above, the intervening Guidelines amendments are of no moment when considering the reasonableness of the post-revocation sentence, which is part of the original sentence and therefore is governed by the law prevailing at the time of Bolling's original offense. Johnson, 786 F.3d at 245; Ortiz, 779 F.3d at 181. [ii] While it is so that the Guidelines range for Bolling's post-revocation sentence did not reflect a § 4A1.3 downward departure, that does not change the fact that he was granted the downward departure at his original sentencing, making this precisely the situation in which the Guidelines state that a post-revocation sentence outside of the Guidelines range may be warranted. U.S.S.G. Manual § 7B1.4 cmt. n.2. [iii] The district court explained that an above-Guidelines sentence was warranted by the risk that he will commit additional crimes because, inter alia, Bolling breached the trust of the court by absconding from supervision and remaining a fugitive until he was arrested on state charges. We see no abuse of discretion in the district court's conclusions;

6

accordingly, Bolling has failed to show that his sentence is substantively unreasonable.

We have considered Bolling's remaining arguments and conclude they are without merit.   The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK