18-3041
*United States v. Flower*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand nineteen.

Present:
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                    18-3041-cr

SHERRY L. FLOWER,

     *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | Joseph R. Perella, Gregory L. Waples, Assistant United States Attorneys, *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, VT |
| For Defendant-Appellant: | Jonathan I. Edelstein, Edelstein & Grossman, New York, NY |

Appeal from a judgment of the United States District Court for the District of Vermont

(Crawford, *C.J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Sherry Flower ("Flower") appeals from her October 12, 2018 sentence of eighteen months' incarceration, imposed in the United States District Court for the District of Vermont (Crawford, *C.J.*) for multiple violations of the terms of her supervised release in connection with a prior felony. The district court found by a preponderance of the evidence that Flower had, *inter alia*, burglarized a Subway restaurant during her term of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

Flower argues that her sentence was substantively unreasonable, largely because it will result in the suspension of her Social Security disability benefits and require her to reapply to the program before those benefits resume. But Flower's sentence was not substantively unreasonable under the applicable standard. "The standard of review on the appeal of a sentence for violation of supervised release is . . . the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Johnson*, 786 F.3d 241, 243 (2d Cir. 2015) (internal quotation marks omitted). In making this determination, we review all issues of law *de novo*. *Id*. We review the sentence itself for abuse of discretion, "tak[ing] into account the totality of the circumstances . . . ." *Gall v. United States*, 552 U.S. 38, 51 (2007). We "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted).

Pursuant to the Supreme Court's decision in *Gall*, district courts first calculate the applicable sentencing range under the United States Sentencing Guidelines (the "Guidelines") and then, after giving the parties the opportunity to argue for the sentences they believe are appropriate, consider each of the factors set out in 18 U.S.C. § 3553(a) "to determine whether they support the sentence requested by a party." *Gall*, 552 U.S. at 49–50. The weight of each factor in sentencing is "firmly committed to the discretion of the sentencing judge." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008). If the court decides that an outside-Guidelines sentence is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall,* 552 U.S. at 50.

Under this liberal standard, we cannot find that the district court abused its discretion in this case. The United States Probation Office (the "Probation Office") alerted the district court to three violations of supervised release: Flower's continued use of illegal drugs, her failure to alert the Probation Office of her change in residence, and her burglary of a Subway restaurant in Rutland, Vermont. Based in part on Flower's admission and in part on findings after a hearing, the court sustained all three charges. After weighing the various § 3553(a) factors, the district court expressed concern over Flower's consistent recidivistic behavior as well as an interest in "avoid[ing] unwarranted sentence disparities among similarly situated defendants," A. 224, but still issued a sentence below the Guidelines range in recognition of Flower's history of mental illness and prior cooperation with the government. *Cf. United States v. Jones*, 531 F.3d 163, 178 (2d Cir. 2008) ("[W]here the sentencing judge and Sentencing Commission *both* determine that the Guidelines sentence is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors." (internal quotation marks and alterations omitted)).

Although Flower will have to reapply for Social Security disability benefits upon her release, this does not render her already below-Guidelines sentence substantively unreasonable. The district court properly considered applicable sentencing factors, including the criminal "history . . . of the defendant" and the need "to protect the public from further crimes," each of which supports the sentence issued here. 18 U.S.C. § 3553. The record demonstrates that the district court understood the applicable sentencing range and statutory requirements, and there is no basis to find that its "decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We have considered Flower's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4