22-2837-cr
*United States v. Marshall*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

       At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

United States of America,

       *Appellee,*

       v.                                        22-2837-cr

Cecil Melvin Marshall,

       *Defendant-Appellant*

_____

FOR APPELLEE:                     ALEXANDRA MESSITER, Assistant United States Attorney (Won S. Shin, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:       COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Cecil Marshall appeals from the judgment of the district court revoking his term of supervised release and sentencing him to forty-eight months' imprisonment.

In imposing the sentence, the district court determined that, because Marshall's underlying offense was classified as a Class A felony, 18 U.S.C. § 3583(e)(3) authorized a maximum term of imprisonment of five years for a revocation of supervised release. Marshall concedes that his underlying offense for narcotics distribution was a Class A felony at the time of his original sentencing in 2009. However, he argues that subsequent changes in the law to the penalties for his underlying offense require the district court to now treat his underlying offense as a Class B felony, which would have limited his maximum sentence for a violation of supervised release to three years' imprisonment under Section 3583(e)(3). Therefore, Marshall asserts that the district court's sentence of four years' imprisonment on his supervised release violations exceeds the statutory maximum. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

We review a sentence for a violation of the conditions of supervised release using the same standard as for sentencing generally: whether the imposed sentence is reasonable. *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). We review the reasonableness of a sentence for abuse of discretion. *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012). Here, however,

2

Marshall does not challenge the reasonableness of his sentence. Rather, his sole claim on appeal is that his revocation sentence exceeds the statutory maximum. A sentencing court's determination on an issue of law, such as a determination of the maximum penalty available under a statute, is reviewed *de novo*. *See United States v. Johnson*, 786 F.3d 241, 243 (2d Cir. 2015).

Section 3583(e)(3) allows a district court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release" if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e)(3). When imposing a sentence for the violation of a condition of supervised release, the district court cannot impose a term of "more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony" and "more than 3 years in prison if such offense is a class B felony." *Id.*

In 2009, Marshall pled guilty in the United States District Court for the Western District of Virginia to distributing 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). At the time of his 2009 sentence, Marshall was subject to a ten-year mandatory minimum sentence and a maximum sentence of life imprisonment for that offense, *see* 21 U.S.C. § 841(b)(1)(A)(iii) (2006), which was a Class A felony based upon the maximum sentence. *See* 18 U.S.C. § 3559(a)(1). He was sentenced to 120 months' imprisonment, to be followed by a five-year term of supervised release.

In 2010, the Fair Sentencing Act reduced the penalties for certain cocaine-related offenses. The relevant provision increased from fifty grams to 280 grams the quantity of cocaine base needed to trigger the penalties under Section 841(b)(1)(A), including the ten-year mandatory minimum sentence. Pub. L. No. 111-220, § 2(a)(1), 124 Stat. 2372, 2372 (2010) (codified at 21 U.S.C.

§ 841(b)(1)(A)(iii)). However, the more lenient penalties contained in the Fair Sentencing Act did not apply retroactively to defendants, such as Marshall, sentenced before the Act's effective date. *See United States v. Martin*, 974 F.3d 124, 131 (2d Cir. 2020).

In 2015, Marshall's sentence of imprisonment was reduced by twelve months under Federal Rule of Criminal Procedure 35(b), and in 2016, it was reduced to time served under Amendment 782 to the United States Sentencing Guidelines. In June 2017, Marshall admitted to three violations of supervised release. The district court declined to impose a term of incarceration, and instead re-imposed the same terms of supervised release. In August 2017, Marshall admitted to an additional violation of supervised release. The district court revoked his supervision and sentenced him to a term of imprisonment of one year and one day, to be followed by a five-year term of supervised release. This Court summarily affirmed. *See United States v. Marshall*, No. 17-3052, Dkt. 43 (2d Cir. Aug. 17, 2018). Marshall was released to supervision in July 2018.

In a September 2022 Amended Violation Report, the Probation Office alleged that Marshall committed six violations of the conditions of supervised release. On September 12, 2022, the district court held an evidentiary hearing on these six specifications and, on October 4, 2022, found that the government had proven all six violations by a preponderance of the evidence. On October 26, 2022, the district court revoked Marshall's term of supervised release and sentenced him to a term of forty-eight months' imprisonment, to be followed by two years of supervised release.

On appeal, Marshall contends that changes in the law to the penalties for his underlying offense must be applied in determining the maximum sentence for his supervised release violations. In particular, Marshall notes that, if he were sentenced for the same underlying offense

4

today (namely, the distribution of fifty grams or more of cocaine base), he would be subject to only a five-year mandatory minimum sentence of imprisonment and a maximum sentence of forty years' imprisonment, pursuant to the changes in the penalties made by the Fair Sentencing Act. Appellant's Br. 22–38; *see also* 21 U.S.C. § 841(b)(1)(B)(iii). Such an offense would be treated as a Class B felony with a maximum term of imprisonment of three years for any revocation of supervised release. *See* 18 U.S.C. §§ 3559(a)(2) and 3583(e)(3). In short, Marshall asserts that the subsequent reduction in the law to the penalties for his underlying offense must be applied to the determination of his maximum sentence for a supervised release violation; therefore, the district court's four-year sentence exceeded the maximum sentence for a violation of supervised release authorized by Section 3583(e)(3). We disagree.

We have repeatedly emphasized that "Section 3583(e)(3) is a backward-looking statute, which focuses on the underlying offense, and the governing law for the post-revocation sentence is the law in effect at the time of the underlying offense." *United States v. Ortiz*, 779 F.3d 176, 182 (2d Cir. 2015); *see also United States v. Leon*, 663 F.3d 552, 554 (2d Cir. 2011) ("A post-revocation sentence is governed by the law prevailing at the time of the defendant's original offense."); *United States v. Pettus*, 303 F.3d 480, 487 (2d Cir. 2002) ("[T]he revocation of supervised release and the post-revocation sanctions [are] 'part of the whole matrix of punishment which arises out of a defendant's original crime.'" (quoting *United States v. Amer*, 110 F.3d 873, 884 (2d Cir. 1997))). Here, based upon the law in effect at the time of Marshall's underlying offense, his maximum sentence for a violation of supervised release was five years' imprisonment. Under our precedent, that statutory maximum determines the penalties available for the violations of supervised release in this case.

5

We reached the same conclusion in *Johnson*, that "18 U.S.C. § 3583(e)(3) . . . requires that the district court apply those penalties based on the law as it existed at the time of the underlying offense and not at the time of the supervised release violation." 786 F.3d at 244. Therefore, "because the underlying sentence included a Class B felony revocation penalty, [the defendant] continued to be subject to that penalty until the completion of his entire sentence, including the period of supervised release," regardless of the Fair Sentencing Act's reclassification of his underling offense as a Class C felony at the time of his supervised release violation. *Id.* at 245.

Although Marshall argues that we should not follow *Johnson*, we find his arguments unpersuasive. First, Marshall asserts that the reasoning of *Johnson* is "fatally flawed." Appellant's Br. at 24. However, we have no authority to depart from this binding precedent even assuming *arguendo* we were to conclude it was wrongly decided. *See Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019) ("[A] published panel decision is binding on future panels unless and until it is overruled by the Court *en banc* or by the Supreme Court." (internal quotation marks omitted)). Second, Marshall contends that the analysis in *Johnson* "turned on the fact that Congress did not make the [Fair Sentencing Act] retroactive," and thus, "[has] been abrogated by the First Step Act, which made the reductions retroactive."[1] Appellant's Br. at 24. We find this argument similarly unavailing. The First Step Act's retroactivity provision is advisory, not mandatory. *See* First Step

---

[1] In 2018, Congress enacted the First Step Act, which allowed district courts to grant motions to reduce sentence for certain defendants who did not receive the benefit of the lower penalties in the Fair Sentencing Act. In particular, if a defendant was sentenced for a "covered offense," the defendant could file a motion requesting the district court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. 115-391, § 404(b); 132 Stat. 5194, 5222 (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). The Act also notes that "[n]othing in this section shall be construed to require a court to reduce any sentence." *Id.* § 404(c).

Act of 2018, § 404(b) ("A court . . . *may*, on motion of the defendant . . . impose a reduced sentence as if" the relevant sections of "the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." (emphasis added)).  Indeed, nothing in the Act requires a district court "to modify a sentence for any reason."  *Concepcion v. United States*, 597 U.S. 481, 496 (2022).  Accordingly, it provides no basis for departing from *Johnson*.

In sum, the district court did not err in continuing to treat Marshall's underlying offense as a Class A felony when sentencing him for his violations of supervised release and, thus, did not exceed the maximum sentence under Section 3583(e)(3) in imposing the four-year sentence for such violations.

*     *     *

We have considered Marshall's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court