25-168-cr
*United States v. Morales-Plumei*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty-six.

PRESENT:    GUIDO CALABRESI,
            GERARD E. LYNCH,
            SARAH A. L. MERRIAM,
                 *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                                                      25-168-cr

GERSON S. MORALES-PLUMEI,

    *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:    MAX NICHOLAS, Max Nicholas LLC, New York, NY.

FOR APPELLEE: DIARRA M. GUTHRIE (Jacob R. Fiddelman, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the January 7, 2025, judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION,** the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Gerson S. Morales-Plumei appeals from the judgment of the District Court revoking his term of supervised release and sentencing him principally to 24 months of imprisonment to be followed by six years of additional supervised release, based on his admission to fifteen violations of the conditions of supervised release. On appeal, Morales-Plumei argues that his sentence is procedurally unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## DISCUSSION

### I. Standard of Review

"The standard of review on the appeal of a sentence for violation of supervised release is the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Johnson*, 786 F.3d 241, 243 (2d Cir. 2015) (citation modified). "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing

2

Guidelines as mandatory, fails to consider the §3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (citation modified). Further, "in its explanation" of the chosen sentence, "the district court must satisfy us that it has considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (citation modified).

Generally, if a defendant has a meaningful "opportunity to object" in the district court, Fed. R. Crim. P. 51(b), and yet "fails to raise his procedural objections at the time of sentencing, we review for plain error," *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019). Morales-Plumei did not challenge the reasonableness of his sentence in the District Court. The government argues that plain error review therefore applies, and Morales-Plumei does not argue otherwise. On our own review of the record, we conclude that Morales-Plumei had ample opportunity to object to each of the purported errors he now asserts but failed to do so. Accordingly, we review only for plain error.

"To establish plain error, a defendant must demonstrate that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 174 (citation modified).

## II.     The District Court Did Not Commit Plain Error.

Morales-Plumei argues that his prison sentence, which was significantly longer than the recommendation in the relevant Sentencing Guidelines policy statement, was procedurally unreasonable on three grounds. We find no plain error on any of the grounds argued by Morales-Plumei.

*First*, the District Court did not fail to "adequately . . . consider the sentencing factors" in 18 U.S.C. §3553(a). Appellant's Br. at 1. In particular, Morales-Plumei contends that the District Court's analysis was "practically devoid" of the fact that he had "spent approximately one-third of his life in a federal prison." *Id.* at 15. To the contrary, the District Court discussed Morales-Plumei's history and characteristics at length and specifically noted that Morales-Plumei had, "regrettably," spent "much of [his] young adult life" in prison, and that it found this "background and those factors as sympathetic and mitigating." App'x at 103.

*Second*, the District Court "sufficiently articulate[d] its reasons for imposing a 24 month sentence, which more than doubled the 4 to 10 months range" recommended by the Sentencing Guidelines policy statement. Appellant's Br. at 1. Morales-Plumei contends that it was error for the District Court to express its view that the policy statement was "basically garbage here," "useless," and "ridiculous." App'x at 60, 86. The District Court explained its reasons for imposing a sentence of 24 months at great length. *See* App'x at 92-104. Most significantly, the District Court described in detail the serious nature of the violations, observing that the Guidelines policy statement recommended the same sentence for these fifteen violations – some of which were extremely serious – as it would recommend for "a single positive drug test." App'x at 60.

4

The District Court described the conduct underlying the most serious violations, concluding: "[Y]our conduct, unavoidably, was meant and experienced as a threat of violence. It was exceptionally serious, and it must have been terrifying to the victim." App'x at 95-96; *see also* App'x at 97 ("In my 13 years, plus, on the bench, this conduct is among the most serious I've witnessed in terms of supervised release violations."). The District Court also accounted for Morales-Plumei's repeated failures to report to probation; illicit drug use; and failure to truthfully answer questions from the Probation Office. *See* App'x at 98-99. In short, the District Court's discussion of aggravating factors, which it weighed against specific mitigating factors, was more than sufficient to assure us that it had a "reasoned basis for exercising its own legal decisionmaking authority." *Cavera*, 550 F.3d at 193 (citation modified).

*Third*, the District Court did not "base[] its sentence in part on [two] facts that should not have been considered." Appellant's Br. at 2. Morales-Plumei asserts that the District Court "implicitly equate[d]" the sending of a photograph of a gun "with actual possession of a gun." *Id.* at 17. But the District Court made no such finding, instead reasonably concluding that using images of a firearm to threaten a victim was a serious and relevant consideration. *See* App'x at 95 ("[Y]ou sent her a *photograph* of a firearm. . . . [Y]our conduct, unavoidably, was meant and experienced as a threat of violence." (emphasis added)); *see also id.* at 100-01 ("[Y]ou sent *photographs* of a gun and of a knife. . . . [A] gun is a bad thing, and there is a degree of protection to the public implicated here." (emphasis added)). Morales-Plumei further asserts that the District Court made an "implied finding as to why prior allegations of domestic violence against

5

Mr. Morales-Plumei were not prosecuted." Appellant's Br. at 18. Again, no such finding was made; Morales-Plumei's brief provides no citation to the record in support of this assertion, and nothing in the record indicates that the District Court relied on any such finding in determining the sentence.

In sum, we find no plain error in the sentence imposed. Accordingly, for the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court