*United States v. Kerr*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand twenty-six.

PRESENT:
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                            No. 25-1062

KAMAL KERR,

> *Defendant-Appellant,*

ALTON RODRIGUEZ, JONATHAN BUN, AKA CAMBO, RAESHAUN WIGGINS, AKA SLEEPY,

*Defendants.*[*]

_____

FOR APPELLEE:                          JOSEPH ZABEL, Assistant United
                                       States Attorney (Nathan Rehn,
                                       Assistant United States Attorney, *on
                                       the brief*), *for* Jay Clayton, United
                                       States Attorney for the Southern
                                       District of New York, New York,
                                       NY.

FOR DEFENDANT-APPELLANT:               SUSAN JEWELL WALSH, Vladeck,
                                       Raskin & Clark, P.C., New York,
                                       NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on April 25, 2025, is **AFFIRMED**.

In 2013, Defendant-Appellant Kamal Kerr was sentenced to forty-five months' imprisonment and four years of supervised release for a drug crime. After his release from prison and while on supervised release, Kerr was arrested in October 2019 by New York authorities for a number of serious charges,

---

[*] The Clerk's office is respectfully directed to amend the caption as reflected above.

including attempted murder and arson. According to the state indictment, the day after Kerr and his girlfriend argued over her desire to end the relationship, he poured lighter fluid through her window and ignited it while she, their child, and others were inside. Kerr pled guilty to arson in the third degree and was sentenced in state court to four-to-eight years' imprisonment. A federal warrant was issued for Kerr's violation of the terms of his supervised release in early 2020. Following the completion of his state sentence, Kerr was taken into federal custody. He pled guilty to a violation of his supervised release in April 2025 and was sentenced shortly thereafter.

Kerr appeals from the district court's judgment revoking his term of supervised release and imposing twenty-one months' imprisonment to be followed by two years of supervised release. Kerr argues that the district court erred by considering the retributive factors listed under 18 U.S.C. § 3553(a)(2)(A) in imposing sentence, over his objection, in violation of the rule set forth by the Supreme Court in *Esteras v. United States*, 606 U.S. 185 (2025). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review challenges to the sentence imposed for violation of supervised release using the "same standard as for sentencing generally."[1] *United States v. Johnson*, 786 F.3d 241, 243 (2d Cir. 2015), *as amended* (June 3, 2015). That is, we evaluate whether the sentence imposed is reasonable, reviewing issues of law without deference. *Id.*

In revoking supervised release and sentencing defendants, district courts consider the factors listed in 18 U.S.C. § 3583(e). In *Esteras*, the Supreme Court held that district courts are not to consider the retributive factors from 18 U.S.C. § 3553(a)(2)(A) when crafting a revocation order and sentence, as they are omitted from the list of considerations applicable in revocation proceedings. 606 U.S. at 204. The Court explained that the § 3553(a)(2)(A) factors refer to the "offense," the underlying crime, and not to the "violation," the conduct resulting in the revocation of supervised release. *Id.* at 193–94. The Court took "no position" on whether district courts could consider the retributive factors with respect to the violation conduct, *id.* at 194 n.5, and instructed only that courts may not "exact retribution for the defendant's original criminal offense" in a supervised release revocation proceeding, *id.* at 203.

---

[1] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

4

We disagree with Kerr's assertion that the district court violated *Esteras* and relied on the retributive sentencing factors with respect to his underlying drug offense here. Though the court noted that it "considered the factors that generally are considered at sentencing, including . . . the need for the sentence imposed to reflect the seriousness of the violation, the need to promote respect for the law, [and] to provide just punishment," it nowhere referenced the seriousness of Kerr's *offense*, the underlying drug crime. App'x 25. Such bare statements don't amount to an express intention to "exact retribution for the defendant's original criminal offense," requiring vacatur. *Esteras*, 606 U.S. at 203.

The district court mentioned the "lenient sentence" imposed for Kerr's underlying offense in the context of discussing the "degree of the breach of trust . . . implicit in the supervised release violation." App'x 26. The court ultimately found that Kerr's violation conduct amounted to a "serious" breach of trust. App'x 30–32. Under our binding Circuit precedent, the district court's consideration of the degree to which Kerr breached the court's trust—informed by the leniency of his underlying sentence and the seriousness of his violation conduct—was not improper. *United States v. Ramos*, 979 F.3d 994, 1002 (2d Cir. 2020) ("[A] sentence for a violation of supervised release should primarily sanction

the defendant's breach of trust."). *Esteras* does not hold otherwise. *See Esteras*, 606

U.S. at 194 n.5.

* * *

For the above reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court