*United States v. Mattes*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand twenty-six.

Present:
> PIERRE N. LEVAL,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                            25-2144

BRIAN MATTES,

> *Defendant-Appellant*.

---

FOR DEFENDANT-APPELLANT: Melissa A. Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY.

FOR APPELLEE: Lisa M. Fletcher, Rajit S. Dosanjh, Assistant United States Attorneys, *for* Todd Blanche, Deputy Attorney General, John A. Sarcone III, First Assistant United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from an amended judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2001, Defendant-Appellant Brian Mattes pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5), (b)(2), and was subsequently sentenced to 21 months of imprisonment followed by three years of supervised release. He violated that term of supervised release in multiple ways, including by having unauthorized contact with a minor, and was sentenced to an additional six-month term of imprisonment followed by 30 months of supervised release. Within two weeks of starting that term of supervised release, he violated it by again having unauthorized contact with a minor and was sentenced to an 18-month term of imprisonment with no supervision to follow. He finished serving that term of imprisonment in 2005, but in 2009, he was arrested again and charged with receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (a)(4), 2256(8)(A). He pleaded guilty and was sentenced to 220 months of imprisonment on each count, with those terms to run concurrently, and a concurrent life term of supervised release.

Mattes was released from prison in March 2025 and shortly thereafter violated his term of supervised release yet again by having unauthorized contact with minors and failing to report that contact to Probation. Following his admission of the violation, the district court revoked his supervised release and sentenced him to nine months of imprisonment followed by another life term of supervised release. In an amended judgment, the district court also added a condition of supervised release requiring Mattes to submit his person and property to suspicionless searches, which was not a condition of any of his prior terms. On appeal, Mattes challenges the suspicionless search condition. We assume the parties' familiarity with the underlying facts,

2

procedural history, and issues on appeal, and refer to them only as necessary to explain our decision.

"The standard of review on the appeal of a sentence for violation of supervised release is the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Johnson*, 786 F.3d 241, 243 (2d Cir. 2015) (cleaned up). "The court has authority to impose further supervised-release conditions or to revoke supervised release if a defendant fails to comply with the conditions already imposed." *United States v. Barinas*, 865 F.3d 99, 107 (2d Cir. 2017); *see also* 18 U.S.C. § 3583(e). We review "the imposition of a special condition of supervised release for abuse of discretion." *United States v. Darrah*, 132 F.4th 643, 653 (2d Cir. 2025). "[A] suspicionless search condition for an individual on supervised release is permissible under the Fourth Amendment, when supported by the record," but before imposing such a condition, the district court must "make an individualized assessment as to the need for the imposition of the [s]pecial [c]ondition on [the defendant]" and "sufficiently state its reasons for imposing the condition." *United States v. Oliveras*, 96 F.4th 298, 304 (2d Cir. 2024). The court's explanation must state "how the condition is reasonably related in this particular case to the applicable statutory factors" and how the condition "involves no greater deprivation of liberty than is reasonably necessary under those factors." *Id.* at 302.

The district court conducted an individualized assessment here. It explained that the search condition was "reasonable and necessary" because within three months of starting his term of supervised release, "Mattes knowingly had minors come to his residence and failed to meet the established protocols of the probation office"; he "withheld this information from the probation office knowing that he was in violation of the conditions of supervision"; he "attempted to insert himself in [the minors'] lives"; this violation was only discovered days later "through a detailed

3

review of text conversations"; and "Mattes has an extensive history of violation conduct . . . [and] has been assessed by the probation office[] as a high-risk offender based on his criminal history, his lack of compliance with prior terms of federal supervision and his failure to progress in treatment." App'x at 13-14. Based on this analysis, it concluded that the search condition "is not a greater deprivation of liberty than is reasonably necessary." *Id.* at 14. Finally, the district court remarked that it will monitor Mattes's compliance and that in the event of longstanding compliance the court could "amend Special Condition Number 8 to a reasonable suspicion based search." *Id.* This assessment was reasonable based on the record, and the district court did not abuse its "broad discretion" in imposing the search condition. *Oliveras*, 96 F.4th at 313.

We are not persuaded by Mattes's contrary arguments. As an initial matter, Mattes is wrong that the district court's decision not to impose the search condition during the revocation hearing foreclosed it from later imposing the condition in an amended judgment. It was reasonable for the district court to defer decision on the search condition until the government submitted a letter brief addressing whether the condition was appropriate under our recent decision in *Oliveras*. In any event, the district court was not required to "make a finding of new or changed circumstances with respect to the defendant" before modifying conditions of supervised release. *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). And while Mattes downplays the seriousness of his most recent violation, it was reasonable for the district court to conclude that his unauthorized contact with minors and concealment of this contact from Probation warranted more stringent conditions of supervised release in light of his offense conduct and his long history of prior violations. Nor does the fact that Probation was able to uncover Mattes's violation without a suspicionless search condition undermine the court's conclusion that such a condition is

4

necessary to deter future violations. *See United States v. Poole*, 133 F.4th 205, 211 (2d Cir. 2025) ("A district court need not leave its supervision of an offender to the vagaries of chance.").

\* \* \*

We have considered Mattes's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court