United States v. Haskins

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of November, two thousand seventeen.

PRESENT:  DENNIS JACOBS,
            ROBERT D. SACK,
            BARRINGTON D. PARKER,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        Appellee,

        -v.-                            16-1727

ANDRE HASKINS,
        Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    STEVEN Y. YUROWITZ; New York, NY.


FOR APPELLEE:                      ALEX ROSSMILLER (Anna M. Skotko, on the brief), for Joon H. Kim, Acting United States Attorney for the Southern District of New York; New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Wood, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.


Defendant-appellant Andre Haskins ("Haskins") appeals the judgment of the district court revoking supervised release and sentencing him to the statutory maximum of 24 months' imprisonment and 12 months' supervised release. Haskins argues that his sentence was (1) procedurally unreasonable because the district court failed to consider the factors enumerated in 18 U.S.C. § 3553(a) and (2) substantively unreasonable because the court did not adequately explain the above-Guidelines sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.


Haskins was convicted in 2005 of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced by Judge Wood to 24 months' imprisonment and three years' supervised release. Haskins violated the conditions of release when he committed the state crimes of obstructing governmental administration and resisting arrest and when he failed to cooperate with a mental health evaluation. Judge Wood resentenced Haskins on December 14, 2011 to 18 months' imprisonment and 16 months' supervised release. While serving his second term of supervised release, Haskins was arrested and charged with robbery in the first, second, and third degrees, assault in the second and third degrees, grand larceny in the fourth degree, and petit larceny. On December 18, 2014, Haskins reported to court for a hearing on his

violation of supervised release, but fled before the proceeding began.

On April 7, 2015, Haskins pleaded guilty to bail jumping, in violation of 18 U.S.C. § 3146(a)(1) and (b)(1)(A)(ii). The district court sentenced him to six months' imprisonment to run consecutively to a sentence of 12 months' imprisonment on a violation of supervised release in connection with a separate conviction. Haskins was released from custody and commenced his term of supervised release on July 31, 2015; on September 26, 2015, he approached his estranged wife and threatened her with a knife, stating that "I'll kill you, I got nothing to lose." Haskins pleaded guilty to Menacing in the Second Degree, a state crime. Although the Guidelines range for Haskins' violation of supervised release was five to eleven months' imprisonment, Judge Wood sentenced him to the statutory maximum of 24 months' imprisonment to be followed by 12 months' supervised release. This appeal followed.

We review sentencing decisions for both procedural and substantive reasonableness. United States v. Villafuerte, 502 F.3d 204, 206 (2d Cir. 2007). Reasonableness review is "akin to review for abuse of discretion, under which we consider whether the sentencing judge exceeded the bounds of allowable discretion[,] . . . committed an error of law in the course of exercising discretion, or made a clearly erroneous finding of fact." United States v. Williams, 475 F.3d 468, 474 (2d Cir. 2007) (citations and quotation marks omitted) (alteration in original). A district court commits procedural error by failing to calculate the Guidelines range, making a mistake in the Guidelines calculation, treating the Guidelines as mandatory, not considering the § 3553(a) factors, or relying on a clearly erroneous finding of fact. See United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008). "A district judge imposing a non-Guidelines sentence . . . should say why she is doing so, bearing in mind . . . that 'a major departure [from the Guidelines] should be supported by a more significant justification than a minor one.'" Id. at 193 (quoting Gall v. United States, 552 U.S. 38, 50 (2007) (alteration in original).

Substantive reasonableness concerns the length of the sentence imposed in light of the § 3553(a) factors. See Villafuerte, 502 F.3d at 206. We review a sentencing decision's substantive reasonableness under an abuse-of-discretion standard, see Gall, 552 U.S. at 51, "tak[ing] into account the totality of the

circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," Cavera, 550 F.3d at 190. A reviewing court may not "substitute [its] own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case," and should "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Id. at 189 (citation and quotation marks omitted) (emphasis in original).

Haskins failed to raise any procedural objections during the sentencing, see app. 25-26, and we therefore review for plain error. See Villafuerte, 502 F.3d at 208. Haskins' argument that the district court did not consider the § 3553(a) factors is belied by the record. "[T]he law does not impose any rigorous requirement of specific articulation on sentencing judges with respect to their consideration of § 3553(a) factors." United States v. Verkhoglyad, 516 F.3d 122, 131 (2d Cir. 2008) (citation and quotation marks omitted). Here, the district court specifically addressed "the factors under Section 3553" and stated that "[t]he charge [was] serious in the context of the defendant's prior attacking [of] people." App. 25. The court also considered Haskins' history and characteristics, and cited the need to protect the public. Id.

Nor is there support for Haskins' assertion that the district court failed to consider the Guidelines range. "[W]e will not assume, simply from the fact that the district court did not reference the [applicable Guidelines range], that it failed to satisfy its § 3553(a)(4)(B) obligation." Verkhoglyad, 516 F.3d at 129 (citation omitted). Haskins' violation report specified the five to eleven months Guidelines range, which neither party disputed, and which (contrary to Haskins' assertion) was referenced multiple times during the proceeding. See App. 13-15. We also reject Haskins' further contention that the district court "simply punished [Haskins] for his inability to control his anger." Judge Wood expressed sympathy for his mental health issues, which she balanced against the need to "protect the public" and her concern that "lenien[cy] in the past" had failed to deter his criminal conduct. App. 25. Haskins repeatedly betrayed the trust reflected in his lenient sentences, and the district court reasonably concluded that an upward departure from the Guidelines range was warranted. See Verkhoglyad, 516 F.3d at 130.

Accordingly, Haskins has failed to show that the district court's sentence was procedurally unreasonable.

Haskins claims substantive unreasonableness because the district court did not articulate a "significant justification" for departing from the Guidelines range. Haskins cites United States v. Sindima for the proposition that "sentences for probation violations are not intended to punish defendants for the conduct underlying the violation as if that conduct were being sentenced as new federal criminal conduct." 488 F.3d 81, 86 (2d Cir. 2007) (citation and quotation marks omitted). But Sindima does not foreclose an upward departure from the Guidelines range. Rather, the Court's "primary concern was that the challenged sentence punished the defendant for the 'egregious' nature of his violation conduct instead of sanctioning 'primarily the defendant's breach of trust' as provided by Commission policy." Verkhoglyad, 516 F.3d at 135 (quoting Sindima, 488 F.3d at 86). When a factor (such as breach of trust) is already included in the calculation of the Guidelines range, a district court "must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the [G]uidelines calculation" in order to justify an upward or downward departure. Sindima, 488 F.3d at 87.

Leniency on previous sentences may justify an upward departure for violating supervised release. See Verkhoglyad, 516 F.3d at 129. Haskins claims that "he received no departure at all" on his original sentence; but the record shows that for his previous violation, the sentence was 12 months despite a Guidelines range of 30 to 37 months; and for the underlying bail jumping charge, the sentence was six months despite a Guidelines range of 10 to 16 months.

Deference is owed to a sentencing court's decision that the § 3553(a) factors justify a variance. This "applies with particular force to probation violation proceedings, where the sentencing judge has unique insights into both the circumstances that prompted the initial non-incarceratory sentence and the degree to which the violation represents a serious betrayal of the court's trust and a risk of future criminal conduct." Verkhoglyad, 516 F.3d at 136. The district court's explication of the length of the sentence was brief, but we conclude that it was sufficient. The court noted its prior leniency, underscoring

5

the extent of Haskins' breach of trust.  In addition, the court emphasized its familiarity with Haskins' criminal history and his history of attacking people, noted that the most recent charge was a serious one, and stressed the need to protect the public from further crimes.  These considerations justify the district court's decision to sentence Haskins to an above-Guidelines sentence and to impose 12 months of supervised release.

Accordingly, we find that Haskins' two-year sentence is within the range of permissible decisions and is not substantively unreasonable.

The Court has also considered Haskins' remaining arguments and concluded that they are without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK