*United States v. Ford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand twenty-five.

Present:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> BETH ROBINSON,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

       *Appellee*,

      v.                 24-1454

JAHLIL FORD,

      *Defendant-Appellant.*

---

FOR APPELLEE: Elizabeth A. Espinosa, Ni Qian, James Ligtenberg, Nathan Rehn, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT: Andrew H. Freifeld, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On November 21, 2023, Defendant Jahlil Ford pleaded guilty to an indictment charging him with possession of ammunition after having previously been convicted of a felony and possession of a firearm after having previously been convicted of a felony, both in violation of 18 U.S.C. §§ 922(g)(1) and 2. He was sentenced to a term of 60 months' imprisonment, to be followed by three years' supervised release. On appeal, Ford argues that his sentence was substantively unreasonable and that the district court plainly erred in imposing an electronic search condition. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

**I.      Substantive Reasonableness**

"[A]ppellate review of sentencing decisions is limited to determining" whether a sentence is "reasonable." *Gall v. United States*, 552 U.S. 38, 46 (2007) (quotation marks omitted). Reasonableness review has two components: "procedural review and substantive review." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. In doing so, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* A defendant raising a substantive reasonableness argument "bears a heavy burden because our review of a sentence for substantive

reasonableness is particularly deferential." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We do "not substitute our own judgment for the district court's," and we will "set aside a district court's substantive determination only in exceptional cases where the [sentencing] court's decision cannot be located within the range of permissible decisions." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011) (quotation marks omitted).

Ford's sentence of 60 months' imprisonment was substantively reasonable. In determining that an above-Guidelines 60-month sentence was appropriate, the district court explained that "the offense . . . was incredibly serious, more serious than reflected by the offense level." App'x at 82. The court stated that even though Ford "may have lacked criminal intent for the shooting," he was still "carrying a gun loaded on a residential street at 9 p.m. and shot at least six times at a complete stranger without provocation." *Id.* at 83. The victim "could easily have been killed or seriously injured." *Id.* The district court also carefully considered Ford's lengthy and "troubling" criminal history, his mental health diagnoses, his age, his supportive family, and other characteristics. *Id.* at 83-85.

On appeal, Ford argues that the district court did not give enough weight to certain mitigating factors, especially his mental health issues. But "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *Broxmeyer*, 699 F.3d at 289 (quotation marks omitted); *see also United States v. Haskins*, 713 F. App'x 23, 26 (2d Cir. 2017) (affirming an above-Guidelines sentence where the district court "expressed sympathy for [the defendant's] mental health issues, which she balanced against the need to protect the public and her concern that leniency in the past had failed to deter [the defendant's] criminal conduct" (cleaned up)).

3

Ford's argument that the district court did not properly consider the Guidelines range also fails. At sentencing, the district court discussed its independent calculation of the applicable Guidelines range, noted that although the court was not "required to follow the sentencing guidelines, [it was] still required to consider them in imposing sentence," and emphasized that the Guidelines are "just one factor the Court is required to consider in deciding the appropriate sentence" in addition to the factors set forth in § 3553(a). App'x at 63, 81.

The 60-month sentence in this case was thus not substantively unreasonable. It was not "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (quotation marks omitted).

**II.     Electronic Search Condition**

"This Court generally reviews the imposition of supervised release conditions for abuse of discretion" and reviews related issues of law *de novo*. *United States v. Oliveras*, 96 F.4th 298, 304 (2d Cir. 2024). But when a defendant fails to object to the condition at sentencing, we review for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). Here, it is undisputed that Ford did not object at sentencing.

To satisfy the plain error standard, a defendant must demonstrate that: "(l) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020). "The burden is on the appellant to meet this standard." *United States v. Dussard*, 967 F.3d 149, 156 (2d Cir. 2020).

4

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). They may impose special conditions that are "reasonably related" to "(A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." U.S.S.G. § 5Dl.3(b).

"A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it." *Betts*, 886 F.3d at 202. At the same time, "[i]n the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *Id.* (quotation marks omitted); *see also United States v. Alvarado*, 720 F.3d 153, 160 (2d Cir. 2013) ("[E]ven assuming *arguendo* that the [d]istrict [c]ourt did not adequately explain its reasons for imposing supervised release[,]" the defendant's "criminal record demonstrates that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of this particular case." (cleaned up)).

The district court did not plainly err in imposing the electronic search condition. First, the district court made an individualized assessment when determining to impose the search condition. At sentencing, the district court explained that the special conditions were "all warranted" based on "the defendant's conduct in this case" and "his prior history including drug use and his mental health history." App'x at 87. Thus, Ford's reliance on *United States v.*

5

*Morrishow*—a case in which "the district court did not explain its reasoning for imposing the electronic search condition"—fails. *Morrishow*, No. 23-7622-cr, 2024 WL 4690524, at \*3 (2d Cir. Nov. 6, 2024); *see United States v. Robinson*, 134 F.4th 104, 111-12 (2d Cir. 2025) (concluding the rationale for an electronic search condition was self-evident in light of the defendant's extensive history of recidivism and dishonesty with law enforcement, even where the offense conduct did not involve electronics).

Second, the special condition here was "reasonably related" to the relevant statutory sentencing factors. U.S.S.G. § 5Dl.3(b). Ford's criminal history, offense conduct, and substance abuse issues all warranted the special search condition to protect the public and to afford adequate deterrence. Ford "may be more hesitant" to use his electronic devices to purchase drugs, purchase firearms, or reconnect with prior associates if he knows that those devices are subject to search upon reasonable suspicion. *United States v. Ettinger*, 723 F. App'x 38, 40 (2d Cir. 2018); *see also United States v. Thompson*, 143 F.4th 169, 178-81 (2d Cir. 2025) (holding that an electronic search condition was supported by the defendant's long and varied criminal history). Moreover, the Probation Office could prevent Ford from further endangering the public by notifying the district court of activities such as drug purchases that could cause Ford to relapse into criminal behavior. *See* App'x at 83 (district court noting at sentencing that "another incident could occur if [Ford] . . . reverted to the use of K2 or perhaps some other drug"). The justification for the condition is thus clear, and the district court did not plainly err in imposing it.

\* \* \*

6

We have considered the remainder of Ford's arguments and find them to be without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7