25-1644-cr
*United States v. Lopez*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand twenty-six.

PRESENT:
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                                  25-1644-cr

JAVIER LOPEZ, AKA TWIN,

*Defendant-Appellant,*

JOHNNY NUNEZ GARCIA, AKA SUPREME,
AKA SUPERIOR,

*Defendant.*[*]

---

FOR APPELLEE:                          FRANK BALSAMELLO (Nathan Rehn, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the

---

[*]  The Clerk of Court is instructed to amend the official caption to conform with the above.

Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:     ZACHARY MARGULIS-OHNUMA (Shane Finn, *on the brief*), ZMO Law PLLC, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on June 20, 2025, is **AFFIRMED**.

Defendant-Appellant Javier Lopez appeals from the district court's judgment revoking his term of supervised release and imposing a sentence of two years' imprisonment, to be followed by five years of supervised release. Lopez contends that the district court erred by considering retributive factors, under 18 U.S.C. § 3553(a)(2)(A), in imposing his sentence, in contravention of the United States Supreme Court's recent decision in *Esteras v. United States*, 606 U.S. 185 (2025). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"The standard of review on the appeal of a sentence for violation of supervised release is . . . the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). However, "[i]n making this determination, issues of law are reviewed *de novo*." *United States v. Johnson*, 786 F.3d 241, 243 (2d Cir. 2015). Moreover, where, as here, a defendant did not preserve their challenge to the purported procedural error made during sentencing, we review only for plain error. *See United States v. Wagner-Dano*, 679 F.3d 83, 88–89 (2d Cir. 2012); *see also Esteras*, 606 U.S. at 202 ("If the defendant does not make the district court aware that it may be impermissibly relying on

2

§ 3553(a)(2)(A), then the defendant's appeal will be governed by plain-error review."). To establish plain error, a defendant must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020) (internal quotation marks and citation omitted).

When a federal defendant is sentenced on an offense of conviction, the district court must consider all the factors enumerated in 18 U.S.C. § 3553(a) in determining the appropriate sentence. *Gall v. United States*, 552 U.S. 38, 49–50 (2007). In contrast, when considering revocation of a term of supervised release, 18 U.S.C. § 3583(e) directs district courts to consider a subset of the § 3553(a) factors. *United States v. Fleming*, 397 F.3d 95, 97, 99 (2d Cir. 2005). That subset notably excludes § 3553(a)(2)(A)—"the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"—which the Supreme Court has described as reflecting "the retributive purposes of sentencing." *Esteras*, 606 U.S. at 192. In *Esteras*, the Supreme Court explained that the exclusion of § 3553(a)(2)(A) from the regime governing revocation of supervised release "is a distinction *with* a difference." *Id.* at 196 (emphasis in original). Because of the exclusion of that subsection, "when a defendant violates conditions of his supervised release, . . . a court must consider the *forward-looking* ends of sentencing (deterrence, incapacitation, and rehabilitation), but may not consider the *backward-looking* purpose of retribution." *Id.* (emphases in original). In other words, as "offense" in § 3553(a)(2)(A) "can mean only the underlying criminal conviction," the court cannot revoke a term of supervised release based on the view that, for example, "given the violent nature of the underlying offense, the defendant deserves additional punishment." *Id.* at 194 n.5,

2

200. However, the Supreme Court emphasized that the district court can consider the original offense in relation to the other (not excluded) § 3553(a) factors incorporated into § 3583(e), "namely, deterrence, incapacitation, and rehabilitation." *Id.* at 200.

On appeal, Lopez contends that, in light of the Supreme Court's holding in *Esteras* (which was issued the same day as his sentencing), the district court improperly considered retributive purposes in relation to his original offense of conviction when determining the sentence for his violations of supervised release. In support of his position, Lopez principally focuses on two statements made by the district court during sentencing. First, he argues that the district court "explicitly stated . . . that it considered all three § 3553(a)(2)(A) retribution factors" when it explained that it considered, *inter alia*, "'the need for the sentence imposed to reflect the seriousness of [his] violations, the need to promote respect for the law, [and] to provide just punishment.'" Appellant's Br. at 16 (citation omitted). Second, he asserts that the district court's reference to its prior leniency in sentencing him is indicative of the district court's improper backwards-looking approach under *Esteras*. We find Lopez's arguments unpersuasive.

First, contrary to Lopez's suggestion, the district court did not "explicitly" invoke the § 3553(a)(2)(A) factors in relation to Lopez's *underlying crime of conviction*; rather, it made clear that it was considering the statutory factors in relation to Lopez's *violations* of supervised release. As the district court correctly noted, under our precedent, "the primary purpose of a sentence for violation of supervised release is to punish the breach of the Court's trust that has taken place." S. App'x at 91; *see United States v. Edwards*, 834 F.3d 180, 194 (2d Cir. 2016) (emphasizing that "the critical subject under consideration at a revocation proceeding is more than a charged violation; it is the breach of trust manifested by the violation, a matter often dependent on attending

3

circumstances" (internal quotation marks omitted)).[1]  The district court further explained that it

"considered . . . the need for the sentence imposed to reflect the seriousness of his *violations*."  S.

App'x at 91 (emphasis added); *see also id.* at 73 ("I am required to consider certain sentencing

guidelines . . . , including the need for the sentence imposed to reflect the seriousness of the

*violation*, the need to promote respect for the law, to provide just punishment, and to afford

adequate deterrence to criminal conduct." (emphasis added)).  In explaining the reasoning for its

sentence, at no point did the district court reference the seriousness of the underlying offense.  That

is a critical distinction:  "'offense' . . . refer[s] to the defendant's original crime of conviction,"

whereas "'violation' . . . refer[s] to the conduct that triggers revocation [of supervised release]."

*Esteras*, 606 U.S. at 194.  In *Esteras*, the Supreme Court made clear that its holding only addressed

"whether § 3583(e) precludes the court from considering retribution for the underlying criminal

conviction."  *Id.* at 194 n.5.  Importantly, it took "no position on whether [consideration of

retributive purposes for the *violation*] is a permissible consideration" when revoking a term of

supervised release.  *Id.*  In sum, the district court's consideration of the seriousness of Lopez's

*violations*, and reliance on its determination that "[i]t [was] obvious here that the breach of the

Court's trust was extreme," S. App'x at 91, was permissible under the Guidelines and our

precedent, which was left undisturbed by *Esteras*.  *See* U.S.S.G. Ch. 7, Part A, ¶ 3(b) ("[A]t

revocation the court should sanction primarily the defendant's breach of trust, while taking into

account, to a limited degree, the seriousness of the underlying violation and the criminal history

of the violator."); *United States v. Ramos*, 979 F.3d 994, 1002 (2d Cir. 2020) ("[A] sentence for a

violation of supervised release should primarily sanction the defendant's 'breach of trust,' not the

---

[1]  Indeed, Lopez acknowledged in his sentencing submission that his "violation constitute[d] a serious breach of trust with respect to not only the Court, but also his own family."  S. App'x at 17; *see also id.* at 84–85 (Lopez acknowledging his breach of the court's trust during the sentencing proceeding).

conduct constituting the violation itself. . . . To be clear, this does not mean that a district court cannot consider the seriousness of the violation conduct. Of course it can. But that fact should be considered only 'to a limited degree.'" (quoting U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b))).

We similarly do not find the district court's mention of its prior leniency in sentencing Lopez to reflect improper consideration of the § 3553(a)(2)(A) factors. As the Supreme Court explained in *Esteras*, a district court may take into account the underlying offense of conviction when considering the *other* § 3553(a)(2) factors, including deterrence and incapacitation under § 3553(a)(2)(B)–(C). *Esteras*, 606 U.S. at 200. Viewing the record as a whole and taking the statements at issue in context, we see that the district court was focused on these permissible factors, not retribution for Lopez's prior offense. As the district court explained at length during the sentencing, Lopez had previously been provided the opportunity "to demonstrate that he could remain law abiding," S. App'x at 93, however, he "continued doing the same criminal conduct that got [him] in trouble in the first place," multiple times within months after his term of supervised release began, *id.* at 95. As a result, the district court determined that, notwithstanding the prior leniency, there lacked any indication that he had "decided not to continue *future* crimes," and his mitigating factors, such as strong family support, "[had] not been sufficient up to th[at] point to *ensure that [he] remain[ed]* law abiding." *Id.* at 96 (emphasis added). Any of the district court's "backward-looking" references to the prior leniency shown to Lopez were not focused on any retributive purpose, but rather reflected consideration of proper "forward-looking sentencing ends," such as the need for the newly imposed sentence to have *future* deterrent effect on Lopez and to protect the public. *Esteras*, 606 U.S. at 186 (emphasis omitted). In other words, in the district court's view, Lopez's return to criminal activity after he was shown leniency constituted a serious breach of the court's trust, with a corresponding greater need for deterrence and protection

5

of the public because of the likelihood of recidivism, which are permissible sentencing considerations for a supervised release violation. *See, e.g.*, *United States v. Reynoso*, No. 24-214, 2025 WL 1793410, at *2 (2d Cir. June 30, 2025) (summary order) ("Almost immediately after commencing his term of supervised release, [the defendant] engaged in violent conduct similar to the conduct of his underlying conviction, which constituted a significant breach of the court's trust. . . . The breach was all the more serious in light of the substantially below-Guidelines sentence that the district court imposed for that underlying conviction.") (internal citation omitted); *United States v. Haskins*, 713 F. App'x 23, 26 (2d Cir. 2017) (summary order) (holding that an above-Guidelines sentence on a supervised release violation was substantively reasonable where, *inter alia*, "[t]he [district] court noted its prior leniency, underscoring the extent of [the defendant's] breach of trust"). In short, under the circumstances, the district court's reference to its prior leniency when sentencing Lopez on his current violations did not run afoul of the holding in *Esteras*.

Finally, even assuming *arguendo* that there was some ambiguity as to whether the district court imposed the revocation sentence based in part on retributive factors related to the underlying offense, that ambiguity is insufficient to satisfy plain error review. As the Supreme Court made clear in *Esteras*, in discussing the framework for appellate review of this issue, "[m]uch will turn on whether the defendant objects." *Esteras*, 606 U.S. at 202. More specifically, the Court emphasized that, "[i]f the defendant does not make the district court aware that it may be impermissibly relying on § 3553(a)(2)(A), then the defendant's appeal will be governed by plain-error review," under which "the district court's order revoking supervised release and requiring reimprisonment will be affirmed unless it is clear or obvious that the district court actually relied on § 3553(a)(2)(A)—because it did so either expressly or by unmistakable implication." *Id.* at

6

202–03 (internal quotation marks and citations omitted).  Here, in sentencing Lopez for his supervised release violations, the district court did not expressly apply retributive factors in connection with his underlying offense of conviction, nor is there any unmistakable implication in the record that it did so.  Therefore, Lopez has failed to demonstrate plain error.

*     *     *

We have considered Lopez's remaining arguments and conclude that they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court